**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LAURA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1210-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.  Background**

Plaintiff applied for DIB, alleging disability beginning March 1, 2010. (R. 12, 136-42). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) assessment is

erroneous in numerous respects, and that he erred in evaluating the opinion of a chiropractor who treated Plaintiff.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the decision below.  The court is mindful that each of the errors alleged by Plaintiff (including the evaluation of Plaintiff's chiropractor's opinion) factors into the ALJ's consideration of Plaintiff's RFC.  Nevertheless, it addresses each error in the order presented in Plaintiff's brief.

**II.    RFC Assessment**

RFC is an assessment of the most a claimant can do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1545(a); see also, White, 287 F.3d at 906 n.2.  It is an administrative assessment, based on all of the evidence, of how plaintiff's impairments and related symptoms affect her ability to perform work related activities.  Id.; see also, Social Security Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 126 (Supp. 2014)  ("The term 'residual functional capacity assessment' describes an adjudicator's findings about the ability of an individual to perform work-related activities."); and SSR 96-8p, West's Soc. Sec. Reporting Serv., 144 (Supp. 2014) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s) . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.").  The Commissioner has provided eleven examples of the types of evidence to be considered in making an RFC assessment, including:  medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded

observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations.  Id., at 147.

Although an ALJ is not an acceptable medical source qualified to render a medical opinion, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."  Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004).  "And the ALJ's RFC assessment is an administrative, rather than a medical determination." McDonald v. Astrue, 492 F. App'x 875, 885 (10th Cir. 2012) (citing SSR 96-5p, 1996 WL 374183, at *5 (July 1996)).  Because RFC assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ."  Dixon v. Apfel, No. 98-5167, 1999 WL 651389, at **2 (10th Cir. Aug. 26, 1999); 20 C.F.R. §§ 404.1545(a), 416.945(a).  Moreover, the final responsibility for determining RFC rests with the Commissioner.  20 C.F.R. §§ 404.1527(e)(2), 404.1546.

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits."  West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2014).  The ruling includes narrative discussion requirements for the RFC assessment.  Id. at 149.  The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform.  Id.  The discussion must include an explanation how any ambiguities and material inconsistencies

in the evidence were considered and resolved.  Id.  The narrative discussion must include consideration of the credibility of plaintiff's allegations of symptoms and consideration of medical opinions regarding plaintiff's capabilities.  Id. at 149-50.  If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion.  Id. at 150.

Plaintiff first argues that because the state agency physician, Dr. Parsons, determined at step two of the sequential process that Plaintiff had no severe physical impairments, whereas the ALJ determined this case alternatively at step four and step five, "the ALJ's assertion that Dr. Parsons's non-assessment of RFC supported his own RFC finding was incorrect."  (Pl. Br. 7).  Plaintiff's argument is without a basis in the decision at issue.  Contrary to Plaintiff's argument, the ALJ did not assert that Dr. Parsons's opinion supported the ALJ's RFC assessment.  Rather, the ALJ stated that he only assigned "some weight" to Dr. Parsons's opinion because it was inconsistent with Plaintiff's employers' reports, and he concluded, contrary to Dr. Parsons's opinion, that Plaintiff's "migraines, Crohn's disease, and obesity are at least minimally severe based on additional evidence received at the hearing level."  (R. 20).  Plaintiff does not argue that the ALJ erred in finding that migraines, Crohn's disease, and obesity are severe impairments despite Dr. Parsons's contrary finding.

With regard to the ALJ's credibility argument, Plaintiff asserts that she assumes for the sake of argument that the credibility finding is based on substantial evidence, but she argues that the credibility finding is not based on all relevant evidence.  (Pl. Br. 7-8).

She argues that although the ALJ discussed the employers' statements regarding Plaintiff's abilities and limitations, his consideration of the statements was unclear. She argues that because the ALJ relied upon the employers' statements to discount Dr. Parsons's opinion, he must have accepted the statements, yet he did not include any RFC limitations suggested by the statements, and this failure is error. Id. at 9. She then argues that "[i]nstead of reweighing the evidence of record and providing a post hoc rationalization for the ALJ's findings, the Court [sic] should remand Miller's case." Id.

Plaintiff's argument misunderstands the standard for the Commissioner's disability determinations. It is Plaintiff's burden to show that she is disabled, not the Commissioner's burden to show that she is not. In the Tenth Circuit, an ALJ must consider all third-party opinion evidence, and as Plaintiff admits, the ALJ did so here. The fact that the ALJ discounted Dr. Parsons's opinion because it was inconsistent with the statements of Plaintiff's employers does not establish that the ALJ accepted each of the employers' opinions at face value. If Plaintiff believes the evidence requires greater functional limitations than assessed by the ALJ, she must state what those limitations are, point to the record evidence which requires those limitations, and explain based upon the record evidence why the lesser limitations assessed by the ALJ cannot be accepted. She has not done so here. Rather, in essence she has asked that court to reweigh the employers' statements, and substitute its judgment for that of the agency in assigning weight to those statements. As noted above, the court may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

Moreover, if as Plaintiff assumes for the sake of argument substantial evidence supports the ALJ's credibility determination (and it does), the fact that the record evidence might also support a contrary conclusion is irrelevant to this court's review. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

## III.  Plaintiff's Chiropractor's, Dr. Gibbons's, Opinion

Plaintiff argues that although the "ALJ dismissed [Dr. Gibbons's] opinion on the basis of consideration of factors in 20 C.F.R. § 404.1527, his finding was incapable of meaningful review because his reasoning was minimal."  (Pl. Br. 11).  Plaintiff acknowledges that the ALJ discounted Dr. Gibbons's opinion because it was inconsistent with the findings on Dr. Heincker's examination, but argues that the ALJ's decision was unclear how "Dr. Heincker's one-time findings undermined those of Ms. [sic] Gibbons."  (Pl. Br. 12).  She argues this is so because Dr. Gibbons had treated Plaintiff nine times before she provided her opinion, and because in Plaintiff's view Dr. Gibbons's opinion was supported by substantial evidence.  Plaintiff concludes her argument, "[w]hile the ALJ may have believed that Ms. [sic] Gibbons's opinion was not entitled to weight on the

basis of his consideration of 20 C.F.R. § 404.1527, he should have presented evidence that was capable of meaningful review to support such a proposition." Id. at 14.

As Plaintiff admits, a chiropractor such as Dr. Gibbons is not an "acceptable medical source," and her opinion is not technically a medical opinion.  Nonetheless, the Commissioner has provided a means for evaluating the opinions of such healthcare providers.  In accordance with the regulations, an "acceptable medical source" includes only certain named classes of professionals:  licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. § 404.1513.  Chiropractors are among another group of healthcare providers called "other" medical sources from whom the Commissioner will accept and use evidence showing the severity of a claimant's impairment(s) and how the impairment(s) affects claimant's ability to work.  Id. § 404.1513(d).  "Medical opinions" are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." Id. § 404.1527(a)(2).  A "treating source" must be an "acceptable medical source," Id. § 404.1502, and a medical opinion from a "treating source" may be given controlling weight in certain circumstances.  20 C.F.R. § 404.1527(c)(2).

Applying these regulations, a chiropractor is an "other" medical source, not an "acceptable medical source" or a "treating source." Id. § 404.1513(d)(1).  A

chiropractor's opinion is not, strictly speaking, a "medical opinion," and is never entitled to controlling weight.

Recognizing the reality that an increasing number of claimants have their medical care provided by healthcare providers who are not "acceptable medical sources"--nurse-practitioners, physician's assistants, social workers, and therapists, the Commissioner promulgated SSR 06-3p.  West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp. 2014).  In that ruling, the Commissioner noted:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, <u>along with the other relevant evidence in the file.</u>

<u>Id.</u>, Rulings, 330-31(emphasis added).

SSR 06-3p explains that where a treating source opinion is not given controlling weight, opinions of chiropractors will be evaluated using the regulatory factors for evaluating medical opinions.  <u>Id.</u> at 331-32 (citing 20 C.F.R. §§ 404.1527, 416.927).  In the ruling, the Commissioner recognizes that "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source."  <u>Id.</u> at

332. The ruling explains that the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id. at 333; see also, Frantz v. Astrue, 509 F.3d 1299, 1300 (10th Cir. 2007) (remanding for consideration in light of SSR 06-3p).

In this case, the ALJ followed the dictates of SSR 06-3p, applied the regulatory factors to consider Dr. Gibbons's opinion, and explained the weight accorded to Dr. Gibbons's opinion:

> In January 2012, the claimant's chiropractor, Kristina Gibbons, D.C., stated the claimant can lift and carry 10 pounds occasionally and 5 pounds frequently, sit for 6 hours in an 8-hour workday, and stand or walk for 1 hour in an 8-hour workday (Ex. 8F). Because Ms. Gibbons is a chiropractor, she is not an acceptable medical source, thus, she is not eligible to provide a medical opinion. However, I have given her statement consideration using the factors in 20 CFR 404.1527(d) and 416.927(d). I assign no weight to Ms. Gibbons's statement because it is inconsistent with the clinical signs and findings observed by Dr. Heincker, including the claimant's full range of motion, normal gait, and her ability to perform orthopedic maneuvers without difficulty.

(R. 20). From this discussion, it is clear that the ALJ considered Dr. Gibbons's opinion in accordance with the regulatory factors for weighing medical opinions, and discounted her opinion because she is not an acceptable medical source and because her opinion is inconsistent with the findings of Dr. Heincker's examination of Plaintiff. Dr. Heincker is a medical doctor, and consequently an acceptable medical source.

Plaintiff does not argue that these reasons are erroneous.  Rather, she argues that even though Dr. Gibbons cannot be considered a treating source, and her opinion does not qualify as a medical opinion, "the frequency and extent of [Dr. Gibbons's] treatment relationship with Miller was still a valid consideration, and one that indicated a greater awareness of Miller's condition than that of one-time examiner Dr. Heincker" (Pl. Br. 13).  Plaintiff's argument would be a valid argument if Dr. Gibbons were an acceptable medical source, if her opinion were a "medical opinion," or if she were a "treating source."  But none of those conditions is true.  In the hierarchy of healthcare providers and their opinions, Dr. Heincker is an acceptable medical source and his opinion is a medical opinion, Dr. Gibbons is an "other" medical source and her opinion is not a medical opinion.  In essence, Plaintiff is arguing that there is no difference between an "acceptable medical source" and an "other" medical source.  The regulations provide that there is a difference, and if Plaintiff believes the regulations should be changed she should address that concern to the Commissioner or the Congress.  Plaintiff points to no specific error in the ALJ's weighing of Dr. Gibbons's opinion, she merely asks the court to reweigh the opinion, and assign it greater weight because the chiropractor saw her more than did the medical doctor.  As noted above, the court may not do so.  Plaintiff has shown no error in the decision of the Commissioner.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 10th  day of June 2015, at Kansas City, Kansas.

        s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**